IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MICHAEL O'ROURKE,                )<br>                                                         )<br>           Plaintiff,                     )<br>                                                         )<br>     vs.                                           )<br>                                                         )<br>CMG RECOVERY SERVICES, LLC, )<br>                                                         )<br>           Defendant.                  )  | FILED: JUNE 17, 2008<br>08CV3464<br>JUDGE KENNELLY<br>MAGISTRATE JUDGE COLE<br>TG |

## COMPLAINT

### INTRODUCTION

1.  Plaintiff Michael O'Rourke brings this action to secure redress from unlawful credit and collection practices engaged in by defendant CMG Recovery Services, LLC. Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA"). The FDCPA broadly prohibits unfair or unconscionable collection methods; conduct which harasses, oppresses or abuses any debtor; and any false, deceptive or misleading statements, in connection with the collection of a debt; it also requires debt collectors to give debtors certain information. 15 U.S.C. §§1692d, 1692e, 1692f and 1692g.

### VENUE AND JURISDICTION

2.  This Court has jurisdiction under 15 U.S.C. §1692k (FDCPA), 28 U.S.C. §§1331, 1337 and 1367.

3.  Venue and personal jurisdiction in this District are proper because:

    a.  Defendant's collection communications were received by plaintiff within this District;

    b.  Defendant transacts business within this District.

### PARTIES

4.  Plaintiff Michael O'Rourke is an individual who resides in the Northern District of Illinois.

5. Defendant CMG Recovery Services, LLC is a limited liability company chartered under the law of New York with offices at 481 Oliver Street, North Tonawanda, NY 14120.

6. CMG Recovery Services, LLC is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

7. CMG Recovery Services, LLC is a debt collector as defined in the FDCPA.

## FACTS

8. On or about April 29, 2008, at 9.52 a.m., a representative of CMG Recovery Services, LLC, using the name Alan Sheridan, left a message on plaintiff's answering machine for the purpose of attempting to collect a debt incurred for personal, family or household purposes.

9. The message stated:

**This is Alan Sheridan. I'm trying to get in contact with Michael O'Rourke. I need to speak with you regarding an affidavit of fraud that has been drawn up and notarized under your name and last four of your social security number ending in 4424. At this time this matter is extremely time sensitive and requires your immediate attention, as I will be processing the documentation with Cook County. If you wish to avoid possible proceedings, I strongly advise you to contact my office within 24 hours. The case number that is pending against you: 773 MO. The phone number you can contact my office at is 888-711-7577.**

10. About six hours later, another representative of CMG Recovery Services, LLC left another message, which stated:

**This is Karen Goldstein. I have very important information that was received in our office. In order to resolve this matter voluntarily, please contact me at 1-888-711-7577. Again, that toll free number is 1-888-711-7577.**

11. The number 888-711-7577 belongs to defendant, as plaintiff ascertained by returning the calls.

12. Shortly thereafter plaintiff received the letter attached as <u>Exhibit A</u>. The

information relating to the claimed debt is the same as that provided to plaintiff when he returned the calls.

13. On May 13, 2008, plaintiff received another message from the same source, as follows:

> **Yes, this is going to serve as my third documented attempt to reach Michael O'Rourke regarding case number 773-MO. Ah, if you fail to comply with this message I will forward this case and all remaining documentation to my attorney as direct refusal to cooperate within the next 24 business hours. If you wish to avoid any litigation and further proceedings in Cook County, I strongly advise you to contact the office. 888-711-7577.**

14. On May 19, 2008, plaintiff received another message from the same source, as follows:

> **This is the third and final message that will be left for Michael O'Rourke regarding case file 773-MO. Mr. O'Rourke, we spoke to each other back on the 30th of last month, I sent over a letter as you requested. I have not heard back from you at this time. Currently at this time this matter is going to be directed as your refusal to cooperate with my office. It will be forwarded to my attorney within the next 24 business hours. If you do wish to avoid any litigation or further proceedings at this time in Cook County, I strongly advise you to contact the office at 888-711-7577.**

### COUNT I – FDCPA

15. Plaintiff incorporates paragraphs 1-14.

16. Defendant's messages violated 15 U.S.C. §§1692e, 1692e(2), 1692e(5), 1692e(10), 1692e(11), and 1692e(14), as well as 15 U.S.C. §1692d(6).

17. Each telephone message was a "communication" within the meaning of 15 U.S.C. §§1692d(6) and 1692e. *Foti v. NCO Financial Systems*, 424 F.Supp.2d 643, 669 (S.D.N.Y. 2006); *Hosseinzadeh v. M.R.S. Associates, Inc.*, 387 F.Supp.2d 1104, 1112, 1118 (C.D.Cal. 2005); *Joseph v. J. J. MacIntyre Cos.,* 281 F.Supp.2d 1156 (N.D.Cal. 2003); *Stinson v. Asset Acceptance, LLC,* 1:05cv1026, 2006 WL 1647134, 2006 U.S. Dist. LEXIS 42266 (E.D. Va., June 12, 2006); *Belin v. Litton Loan Servicing, LP,* 8:06-cv-760-T-24 EAJ, 2006 U.S. Dist. LEXIS 47953 (M.D.Fla., July 14, 2006).

18. The messages violate 15 U.S.C. §1692d(6) and 15 U.S.C. §§1692e,

3

1692e(2), 1692e(5), 1692e(10), 1692e(11), and 1692e(14) because:

    a.    None of the messages contain the warning required by 15 U.S.C. §1692e(11).

    b.    The messages falsely suggest that a lawsuit or criminal complaint has been or is about to be filed, by using the terms "affidavit of fraud," "possible proceedings," "case number that is pending against you," "resolve this matter voluntarily," "this case," "attorney," and "litigation and further proceedings in Cook County."

    c.    The messages do not identify the entity calling.

19.    In addition, the reference to "affidavit of fraud" implies that the recipient of the message committed fraud.

20.    15 U.S.C. §1692d(6) makes it unlawful for a debt collector to engage in the following conduct: "Except as provided in section 1692b of this title, the placement of telephone calls without meaningful disclosure of the caller's identity."

21.    Section 1692e provides:

> **§ 1692e.    False or misleading representations [Section 807 of P.L.]**
>
> **A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . .**
>
> **(2)    The false representation of--**
>
>     **(A)    the character, amount, or legal status of any debt; . . .**
>
> **(5)    The threat to take any action that cannot legally be taken or that is not intended to be taken. . . .**
>
> **(7)    The false representation or implication that the consumer committed any crime or other conduct in order to disgrace the consumer. . . .**
>
> **(10)    The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.**
>
> **(11) The failure to disclose in the initial written communication with**

4

> the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector, except that this paragraph shall not apply to a formal pleading made in connection with a legal action. . . .
>
> **(14)** The use of any business, company, or organization name other than the true name of the debt collector's business, company, or organization. . . .

22. Plaintiff was harassed by the messages.

WHEREFORE, the Court should enter judgment in favor of plaintiff and against defendant for:

    (1) Statutory damages;

    (2) Actual damages;

    (3) Attorney's fees, litigation expenses and costs of suit;

    (4) Such other and further relief as the Court deems proper.

### COUNT II – ILLINOIS COLLECTION AGENCY ACT

23. Plaintiff incorporates paragraphs 1-14.

24. Defendant is a "collection agency" as defined in the Illinois Collection Agency Act, 225 ILCS 425/1 et seq.

25. Defendant does not have a license under the Collection Agency Act. <u>See Exhibit B</u>.

26. Defendant violated 225 ILCS 425/4 by collecting without a license. Section 425/4 provides:

> **Sec. 4. No collection agency shall operate in this State, directly or indirectly engage in the business of collecting, solicit claims for others, have a sales office, a client, or solicit a client in this State, exercise the right to collect, or receive payment for another of any account, bill or other indebtedness, without registering under this Act except that no collection agency shall be required to be licensed or maintain an established business address in this State if the agency's activities in this State are limited to collecting debts from debtors located in this State by means of interstate communication, including telephone, mail, or facsimile transmission from the agency's location in another state provided they are licensed in that state**

**and these same privileges are permitted in that licensed state to agencies licensed in Illinois.**


27. The state of New York does not license collection agencies.

28. Defendant violated the following provisions of 225 ILCS 425/9:

**. . . (20) Attempting or threatening to enforce a right or remedy with knowledge or reason to know that the right or remedy does not exist.**

**(21) Failing to disclose to the debtor or his or her family the corporate, partnership or proprietary name, or other trade or business name, under which the debt collector is engaging in debt collections and which he or she is legally authorized to use. . . .**

**(25) Failing to disclose, at the time of making any demand for payment, the name of the person to whom the claim is owed and at the request of the debtor, the address where payment is to be made and the address of the person to whom the claim is owed. . . .**

**(31) Engaging in dishonorable, unethical, or unprofessional conduct of a character likely to deceive, defraud, or harm the public.**


29. 225 ILCS 425/14a provides:

 **Sec. 14a. The practice as a collection agency by any entity not holding a valid and current license under this Act is declared to be inimical to the public welfare, to constitute a public nuisance, and to cause irreparable harm to the public welfare. The Director, the Attorney General, the State's Attorney of any county in the State, or any person may maintain an action in the name of the People of the State of Illinois, and may apply for injunctive relief in any circuit court to enjoin such entity from engaging in such practice. Upon the filing of a verified petition in such court, the court, if satisfied by affidavit or otherwise that such entity has been engaged in such practice without a valid and current license, may enter a temporary restraining order without notice or bond, enjoining the defendant from such further practice. Only the showing of nonlicensure, by affidavit or otherwise, is necessary in order for a temporary injunction to issue. A copy of the verified complaint shall be served upon the defendant and the proceedings shall thereafter be conducted as in other civil cases except as modified by this Section. If it is established that the defendant has been or is engaged in such unlawful practice, the court may enter an order or judgment perpetually enjoining the defendant from further practice. In all proceedings hereunder, the court, in its discretion, may apportion the costs among the parties interested in the action, including cost of filing the complaint, service of process, witness fees and expenses, court reporter charges and reasonable attorneys' fees. In case of violation of any injunctive order entered under the**

**provisions of this Section, the court may summarily try and punish the offender for contempt of court. Such injunction proceedings shall be in addition to, and not in lieu of, all penalties and other remedies provided in this Act.**

30. A private right of action exists for violation of the ICAA. <u>Sherman v. Field Clinic</u>, 74 Ill. App. 3d 21, 392 N.E.2d 154 (1st Dist. 1979).

31. Plaintiff was damaged as a result.

WHEREFORE, plaintiff requests that the Court grant the following relief in favor of plaintiff and against defendant:

    a. Compensatory, nominal and punitive damages;

    b. An injunction restraining defendant from attempting to collect debts from Illinois residents.

    c. Attorney's fees, litigation expenses and costs.

    d. Such other and further relief as is appropriate.

s/Daniel A. Edelman
Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
EDELMAN, COMBS, LATTURNER
    & GOODWIN, L.L.C.
120 S. LaSalle Street, 18th Floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

## JURY DEMAND

Plaintiff demands trial by jury.

s/Daniel A. Edelman
Daniel A. Edelman

## NOTICE OF LIEN

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards.

s/Daniel A. Edelman
Daniel A. Edelman

Daniel A. Edelman
EDELMAN, COMBS, LATTURNER
    & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)

T:\21470\Pleading\Complaint_Pleading.wpd

# EXHIBIT A

481 Oliver St.
North Tonawanda, NY 14120

 CMG Recovery Services

Phone: 1-888-711-7577
Fax: 1-716-957-3433
WWW.CMGRECOVERY.COM

April 30, 2008

MICHAEL OROURKE



RE: Ref #: 4168100021854441
    Acct #: ●●●●●●●●●1540
    Amt due: $ 8,572.96
    Creditor: DISCOVER CARD

> Make Checks Payable to:
> **CMG RECOVERY SERVICES**
> Place the Ref # on the check for
> proper payment application

Dear Client,

    As per your conversation with our representative, our office has agreed to accept the amount of $8572.96 as balance in full for the above referenced account. Check by phone must be received no later than May 28, 2008.

    Upon clearance of these funds your account will be considered satisfied in full and there will remain no further outstanding obligation.

    Furthermore, our client as part of their normal course of business shall update the appropriate credit reporting agencies accordingly.

    For payment options or if you have any questions, please feel free to contact us at 1-888-711-7577.

    Your immediate attention to this matter is greatly appreciated.

Sincerely,

Mark Byer
Director of Operations

"This is an attempt to collect a debt, any information will be used solely for that purpose."

© 2008 CMG RECOVERY SERVICES, All Rights Reserved

# EXHIBIT B

**Division of Professional Regulation**

Daniel E. Bluthardt, Director

www.idfpr.com

Rod R. Blagojevich, Governor

Start a New Search                                                                 Printer Friendly View

## SEARCH FOR LICENSEE BY PROFESSION:

## THERE ARE 0 RECORDS WHOSE NAME CONTAINS: cmg

The name, cmg, was not found

*HINT: You might try searching on part of the name;*
*e.g. "tyre" instead of "McIntyre"*

Express Access License Look-Up has been approved for use as a primary source for verification by the Joint Commission of Accreditation of Healthcare Organizations and the National Committee for Quality Assurance.

If the "Ever Disciplined" field contains a "Y," there has been disciplinary action taken against this license. Click on the "Y" to view details of the disciplinary action. If you wish to view comprehensive reports in Adobe Acrobat format for disciplines that occurred after September 1996, click **HERE**. The Illinois Department of Professional Regulation publishes a monthly report detailing disciplinary action taken by the Department. Each Disciplinary Report is a listing of all licensees disciplined by the Department within a given month. The information includes the name of the disciplined professional, the city where he/she was practicing at the time of action, the discipline imposed and a brief description of the reason for the discipline. All **Monthly Disciplinary Reports** are accurate on the date of issuance or initial date of publication. However, disciplinary actions may be subject to further court orders that may stay, affirm, reverse, remand or otherwise alter Department disciplinary orders. Please note that discipline which has been reversed by court order will not appear in this summary of discipline.

Click **here** for definitions of the different types of disciplinary actions the Department may impose.

**NOTE:** This license look-up is accurate for the current license status, but due to computer conversions, the original issuance date may be in error. If the issuance date shown is 01/01/1997, this is a computer generated date, not the original issuance date. For original issuance dates, please contact the Department.